<u>**Not for Publication**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ERICA NAZARIO, | Civil Action No. 24-8908 |
| *Plaintiff,* | |
| v. | **<u>OPINION</u>** |
| CITY OF ORANGE TOWNSHIP, et al., | March 2, 2026 |
| *Defendants*. | |

**SEMPER,** District Judge

The current matter before the Court comes before the Court on Plaintiff Erica Nazario's ("Plaintiff") motion to remand. (ECF 36-1, "Mot.")  The City of Orange Township, Orange Police Department, and Lieutenant Olivera ("Orange Defendants") as well as Louis Copeland, Christopher Hartwyk, and April Cruz ("Individual Defendants") opposed the motion. (ECF 37, 38.)  Plaintiff replied.  (ECF 39.)  The Court has decided this motion upon the submission of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.  For the reasons stated below, Plaintiff's motion is **GRANTED**.

**I.      PROCEDURAL HISTORY**

Plaintiff originally filed her complaint in the Superior Court of New Jersey, Law Division, Essex County on October 16, 2022. (ECF 1-1, Exhibit A.)  Plaintiff asserted claims of false imprisonment, assault and battery, kidnapping, defamation, slander, intentional infliction of emotional distress, retaliation, aiding and abetting, discrimination, disparate treatment, hostile work environment, failure to accommodate, state equal protection claims and due process claims,

1

civil conspiracy, conspiracy to deny substantive and procedural due process, constructive discharge, retaliation based on disability, deprivation of civil and constitutional rights under color of state law ("state claims"). (ECF 1-1.) Plaintiff amended her original complaint on August 28, 2024 by adding a claim that Defendants violated her constitutional rights in violation of 42 U.S.C. § 1983 ("Section 1983"). (ECF 1-1, Exhibit D.) Defendant timely removed the action to federal court on the basis of federal question jurisdiction. (*See* ECF 1 ¶ 9) ("This Court has original federal question jurisdiction over this civil action pursuant to 28 U.S.C. § 1331 because Plaintiff is alleging claims under 42 U.S.C. § 1983 and the United States Constitution.")

On May 1, 2025, Magistrate Judge André M. Espinosa allowed Plaintiff to amend her complaint. (ECF 26.) On May 30, 2025, Plaintiff amended her complaint to remove the Section 1983 claim that had provided this Court with original jurisdiction over the matter. (ECF 27.) Plaintiff's Amended Complaint, now the operative complaint, contains seventeen state law claims. (*Id*.) On July 21, 2025, Plaintiff moved to remand the case back to state court, alleging that this Court lacks jurisdiction to hear the dispute. (*See generally* Mot.) On August 18, 2025, the Orange Defendants filed an opposition (ECF 37), and on August 19, 2025, the Individual Defendants filed their opposition brief. (ECF 38.) On August 21, 2025, Plaintiff submitted a reply. (ECF 29.)

## II.      LEGAL STANDARD

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co*., 7 F.3d 349, 352 (3d Cir. 1993). A motion for remand on the basis of a procedural defect in the removal must be filed within thirty days of the notice of removal, *see* 28 U.S.C. § 1447(c), whereas "a motion to remand based on lack of subject matter jurisdiction may be made at any time

2

before final judgment*,"* *Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207, 1212–13 (3d Cir. 1991) (citing 28 U.S.C. § 1447(c)).

"The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors America, Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal" and "doubts must be resolved in favor of remand." *Id*. at 396–403.

### III.    ANALYSIS

Plaintiff argues that this Court lacks subject matter jurisdiction and must remand the case back to state court because the active claims in the Amended Complaint do not provide a basis for original or diversity jurisdiction. (Mot. ¶ 10.) In opposition, the Orange Defendants cite *Growth Horizons, Incorporation v. Delaware County* for the assertion that "[w]hen the state and federal claims derive from a common nucleus of operative fact, considerations of judicial economy, convenience, fairness, and comity dictate that the federal court should retain jurisdiction." (ECF 37 at 3) (citing 983 F.2d 1277, 1284 (3d Cir. 1993)). Neither Plaintiff nor Defendants allege that diversity jurisdiction is a basis for this Court's subject matter jurisdiction.

Last year, the Supreme Court determined that post-removal amendment of a complaint to eliminate all federal claims deprives district courts of supplemental jurisdiction over the remaining state law claims. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025). Instructive here, the Supreme Court resolved a circuit split on the very question presented by Plaintiff's motion to remand:

> When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the new complaint says. If (as here) the plaintiff eliminates the federal-law claims that enabled removal, leaving only state-law claims behind, the court's power to decide the dispute dissolves. With the loss

3

of federal-question jurisdiction, the court loses as well its supplemental jurisdiction over the state claims.

*Id*. The Court unanimously decided that in such circumstances, district courts cannot exercise supplemental jurisdiction, even when the state law claims were sufficiently related to the federal ones, and the case must be remanded to state court. *Id.* at 43-44.

The Third Circuit recently recognized that "the lesson of *Royal Canin* is that a federal court may lose subject-matter jurisdiction if a plaintiff amends his complaint in a manner that removes the basis for that jurisdiction." *Khalil v. President, United States*, 164 F.4th 259 (3d Cir. 2026). That is precisely what has happened here. The basis for this Court's subject matter jurisdiction was Plaintiff's Section 1983 claim, which provided federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*See* ECF 1 ¶ 9.) Once Plaintiff amended her complaint to remove the 1983 claim, this Court lost its basis for jurisdiction. In accordance with the Supreme Court's ruling in *Royal Canin*, this Court may not assert supplemental jurisdiction over the remaining state law claims and must remand the case back to state court. 604 U.S. at 30.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's motion to remand is **GRANTED**. This matter will be remanded to the Superior Court of New Jersey, Law Division, Essex County. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Andre M. Espinosa, U.S.M.J.
        Parties

4